FILED
 2010 Aug-17  PM 02:15
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **CLARENCE THOMPSON,** ) | |
| ) | |
| **Claimant,** ) | |
| ) | |
| vs. ) | **Case No. CV-09-S-1261-NE** |
| ) | |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner, Social Security** ) | |
| **Administration,** ) | |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM OPINION AND ORDER**

Claimant, Clarence Thompson, commenced this action on June 24, 2009, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying his claim for a period of disability, disability insurance, and supplemental security income benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

(11th Cir. 1983).

Briefs are not required in social security appeal cases,[1] and claimant did not file a supporting brief. Nevertheless, this court has carefully reviewed the entire record in reaching its determination of the merits of claimant's appeal.

Claimant alleged that he became disabled on July 1, 2007, due to the amputation of his left distal forearm and hand. He last met the insured status requirements of the Social Security Act on December 31, 2009.[2] Claimant therefore bore the burden of proving disability on or prior to December 31, 2009. *See* 42 U.S.C. § 423(a) and (c); 20 C.F.R. §§ 404.101, 404.130, and 404.131; *Ware v. Schweiker,* 651 F. 2d 408, 411 n.3 (5th Cir. July 1981).[3]

The ALJ found that claimant had the "severe" impairment of amputation of the left distal forearm, but that claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments.[4] Despite claimant's severe impairment, the ALJ found that claimant retained the residual functional capacity to perform light work with the following restrictions: "limited use of the upper left extremity due to an amputation of the forearm and hand; no climbing

---

[1] *See* doc. no. 7 (briefing letter).

[2] *See* Tr. at 12.

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[4] Tr. at 12-13.

of ladders/ ropes/ scaffolds; no use of the left upper extremity for reaching, handling, fingering, or feeling; no work around hazardous machinery or unprotected heights; and no commercial driving."[5] In so finding, the ALJ discredited claimant's subjective complaints of disabling pain.[6] The ALJ then relied upon vocational expert testimony to determine that a person of claimant's age, education, work experience, and residual functional capacity would be able to perform jobs that exist in significant numbers in the national economy.[7] Accordingly, the ALJ found that claimant had not been under a disability, as defined by the Social Security Act, from July 1, 2007 through the date of the administrative decision.[8]

Upon review of the entire record, the court concludes that the ALJ's findings were supported by substantial evidence and in accordance with applicable law.

First, the record supports the ALJ's determination that claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. Indeed, it appears that claimant did not even make such a claim during the administrative proceedings.

Furthermore, the ALJ properly considered claimant's complaints of pain and inability to concentrate. To demonstrate that pain or other subjective symptoms

---

[5] Tr. at 13.
[6] Tr. at 13-15.
[7] Tr. at 16.
[8] Tr. at 17.

render him disabled, claimant must "produce 'evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.'" *Edwards v. Sullivan*, 937 F. 2d 580, 584 (11th Cir. 1991) (quoting *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)).  If an ALJ discredits subjective testimony on pain, "he must articulate explicit and adequate reasons." *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing *Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir. 1986); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986)).

The ALJ properly applied this standard.  He found that claimant's medically determinable impairments could reasonably be expected to cause the symptoms he alleged, but that claimant's statements concerning the intensity, persistence and limiting effects of his symptoms were not credible to the extent they are inconsistent with the ALJ's residual functional capacity finding.[9]  The ALJ also adequately articulated reasons for not crediting claimant's testimony on pain.  He reasoned that claimant's allegations of pain and inability to concentrate simply were not supported by the medical evidence of record.  Importantly, there were no medical records to show that claimant ever received any kind of treatment for any impairment, or that he

---

[9]Tr. at 14.

took any kind of pain medication. To the contrary, the only medical assessment in the record — a consultative examination performed at the Commissioner's request by Dr. Clarke Woodfin — revealed no significant functional limitations.[10] The ALJ also reasoned that claimant's subjective allegations of an inability to concentrate were inconsistent with his attendance at college for two years following the accident that caused his alleged pain. Substantial evidence of record supports all of the ALJ's conclusions.

In conclusion, the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards. Accordingly, the decision of the Commissioner is AFFIRMED. Costs are taxed against claimant. The Clerk is directed to close this file.

DONE this 17th day of August, 2010.

_____
United States District Judge

---

[10] *See* Tr. at 116-18.